Our first case of the morning is in re the Detention of Kevin Stanbridge 410-0206 for the appellant Ms. Beer, for the appellant Ms. Wong. You may proceed. May it please the court and counsel. To begin with, on the issue of the standard of review, I would concede the state's position with regard to Hardin's position that on the issue of quantum of evidence regarding a probable cause determination, the standard of review is to no, I think that's stated very clearly in Hardin. Nonetheless, I do believe though that factual determinations on review at a probable cause hearing still remain a review standard of abuse of discretion. Why would you argue that to us? Isn't your position helped if it's de novo review since you're asking us to reverse the trial judgment? That was my initial position, but it seems to me that that is the state of the law, that when we're looking at... Well, wasn't this a determination made entirely on paper? Did the judge hear any evidence? There were two evaluations. Oh, actually, Mr. Stanbridge presented his evaluation from Dr. Witherspoon. Counsel, my question was, did the judge hear any witnesses? No, he did not. So it was made on paper? Yes. Why should the abuse of discretion standard apply to paper determinations? Because that would be factual... Why is the trial judge in a better position to draw inferences and to evaluate paper than we are? Well, certainly, the trial court is not in a better position to do that. Why should we be deferential in our assessment of this case based upon the trial court's review of paper as opposed to our review of paper? All I can state, Your Honor, is that I think that that is the standard, that when we're looking at factual determinations, that that seems to me to be the universal standard that should apply. But isn't that always in cases, and we are very deferential, when the trial court has actually heard testimony, seen witnesses, made findings based thereon? I would absolutely, I would say yes. Go ahead. I don't want to take up any more of your time, Counsel. I hope to present what I think is my understanding of what is an accurate view of the law and what the standard of review is on the issue of what we're here for today and what is the evidentiary standard for probable cause under the Sexually Violent Persons Commitment Act, as announced in Hardin, that that standard of evidence applies in every probable cause proceeding under the Sexually Violent Persons Commitment Act. The context does not affect the evidentiary standard. As Hardin says, what the proponent of the petition needs to do to establish probable cause is present a plausible account on each required element. This is not the opportunity for weighing conflicting facts, conflicting inferences. If we agree with you, what should happen? What should we do? I believe that when you look at what Mr. Standbridge presented under his Section 70 Petition for Discharge, that the court did abuse its discretion and its findings because Dr. Witherspoon My question was, if we agree with you, what should we do? That it should be remanded to the court for further hearing. What sort of hearing? It would be a jury trial under Section 65b-2, if, you know, responded or the state requested a jury trial, which I would assume they would. I would also acknowledge that when we presented this to the court a year ago, Hardin had not been decided. Nonetheless, I do believe that the court and counsel had a fair enough understanding of what the meaning of probable cause is, what the burden was on Mr. Standbridge and his Section 70 Petition for Discharge, and that given the fact that he did present an evaluation drafted by an expert, qualified by the court, an expert who interviewed Mr. Standbridge, did diagnose him as... In order to agree with your position, we would have to disagree with the 5th District's decision in King, would we not? Yes. The most recent one? Yes, the one you cited. Right, right, right. Right, because in that case, there were the conflicting evaluations that the court did consider. I think one of the distinctions, and I think this is an important distinction in King, King was not a Section 70 Petition for Discharge, and I think that that's critical in the analysis. The point being that under a Section 70 Petition for Discharge that's brought for the first time, the petitioner or respondent who has filed the petition does not need to allege that there is any changed condition, and that necessarily follows from the entirety of the language of Section 70, because Section 70 talks about subsequent petitions in which the subsequent petitions must allege a changed condition. So on a first one, he does not need to allege a changed condition. The expert whose report you rely on is Witherspoon? Yes. And that was submitted to the trial court at the hearing, at the probable cause hearing? Yes. Did the state at that hearing make a motion to strike or in any way challenge his expertise? No. No, in his argument he talked about Dr. Witherspoon revisiting issues that Dr. Witherspoon had presented in his initial evaluation at the first hearing. To be more clear, there was no attack on either his expertise or his ability to render an expert opinion? No. So this was just submitted and an argument that this shows probable cause to believe that he may be recovered, is whatever the right term is, or at least have a hearing on his petition. That was the state's position, but that was not Mr. Standbridge's position, Your Honor. Mr. Standbridge's position has nothing to do with his prior adjudication. It has nothing to do with whether he is no longer or whether he is still. It has to do with whether he is. Whether he is what? A sexually violent person. What you want, this was presented at trial in requesting a hearing on whether he remains a sexually violent person. So you want to go to the next stage and have a hearing. Witherspoon's affidavit was submitted in support of showing this probable cause in support of his petition. That's correct. So the state, and I'll ask the state when they have an opportunity, the state didn't contest his affidavit. They just said it wasn't enough. I think that the state was looking at, we had two petitions before the court. We had Mr. Standbridge's section 70 petition and then we had the state's section 65B1. And I want to make clear that Mr. Standbridge did not file a petition pursuant to 65B1. This wasn't an issue of whether or not he'd been examined and then at the time of examination was asked in the court to find that he is not still a sexually violent person. These came up at the same time just as a result of scheduling. But we had two distinct petitions before the court. And while they may have been competing petitions presented to the court because they're in competition at the same time, there's still the separate petitions that the state was regarding as look at both of the evaluations and make a determination based on the evaluations to determine that there is no probable cause to believe that he is no longer a sexually violent person. And that is under section 65B1 and 65B2. Mr. Standbridge is proceeding under section 70, his petition for discharge. And when you read that in conjunction with 65B2, you have to look at them both together I think to get the meaning of what a first time petitioner under section 70 has to establish. Because 65B2 uses the language of no longer a sexually violent person. I think that that clearly refers to that prior adjudication. No longer certainly suggests change. And it's the language of progress. In section 70, you do have that language of change only in the context of subsequent section 70 petitions. And for that to have any meaning, you have to regard the first petition filed under section 70 divorced from issues of changed condition. Divorced from progress, treatment, anything like that. The question is, is he a sexually violent person? Are all of the elements for a finding of a sexually violent person met? And has he addressed the issues of probable cause on the elements that he has to establish that he is not? He's certainly not going to be able to show that he hasn't had a prior conviction. But the issues of his mental condition and the issue of substantial probability to commit future acts of sexual violence are presented. They are fully presented in Dr. Witherspoon's report. And just again referring to the report, he did an interview of Mr. Stanbridge. He did the diagnostic testing. He reviewed the history. He reviewed the literature. He made a clinical decision that Mr. Stanbridge did not have a qualifying mental condition. He also did a risk analysis and looked at a variety of what are called guided instruments. But he also looked at the static 2002, which showed that he was low moderate risk to re-offend. And placed him in a population that within that population, 7% of those people could be predicted to re-offend. Now, whether Mr. Stanbridge would be in the 7% to re-offend or the 93% that doesn't re-offend, it doesn't address that issue. But in terms of addressing substantial probability, he has determined based on his expertise, based on his review of the literature, the citations that he has at the back of the report supporting the research and the literature that supports his evaluation, that he is low risk to re-offend, that it is not substantially probable that he will re-offend. I want to make sure I understand. Do you object to what the state submitted? Or do you simply take issue with how the court evaluated it and proceeded, perhaps from your view, misunderstanding its role given that this was a Section 70 petition? I mean, it's almost as if you're saying nothing from before can be considered. And I assume that's not the case. If it is, we need to know that that's your position, because if you prevail and you get to an evidentiary hearing, are you suggesting that nothing from what happened before matters because he's not really addressing the issue of whether he may at some point have been adjudicated a sexually violent person? I would say it, I don't think it requires a close reading of Section 70. When you read Section 70 and it talks about what the first time petitioner must, it talks about the first time petition, and then it talks about the subsequent petitions under Section 70, and for the subsequent, for the requirements for the subsequent petitions, that they must establish a changed condition for that to have any meaning. I think it necessarily follows that under a first time Section 70 petition for discharge, the prior adjudication is not an issue. I'm not asking whether it's an issue, I'm asking whether it's admissible. Is it going to be evidence? Prior evaluations, prior conduct, how the individual has acted in the real world, I'm asking you whether or not that is going to be admissible in an evidentiary hearing. If you prevail, it's going to go back, there's going to be an evidentiary hearing, whether a bench trial or jury trial. What can the state present? You're making it sound like it's a blank slate. I think at an evidentiary hearing, a trial, that would come in. For our purposes today, I'm trying to just talk about probable cause and what the court must do at a probable cause hearing. For me and the court, I think at the trial level where the confusion comes in is because we had arising at the same time the two different petitions. Why does that matter to you? You're hearing a Section 70 petition, why do you care what the state presented? Well, it created some confusion. What's the confusion now? Why don't you just say we're hearing a Section 70 petition and the trial court erroneously denied it? Why do you care about the state's petition? I really don't. I think you're right, Judge. I was addressing something that puzzled me. I think it puzzled the court, but at the same time, you're absolutely right. Mr. Stambridge was there on his Section 70 petition and we were asking the court to look at that separate from the state's probable cause petition. Is this a warning? I have a few more minutes. In conclusion, I would say, Your Honors, that at this hearing, when the judge did look at both of the evaluations in the context of the Section 70 petition, that the court did err. Because as Hardin says, this is not the time to be looking at conflicting evidence, conflicting facts, conflicting inferences. It is the time where you look to see if the proponent of the petition has presented a plausible account on each element that he must establish. Mr. Stambridge did that through Dr. Witherspoon's report. I am asking the court to remand this for further proceedings at the child court, that we would go forward on an evidentiary hearing, where then all of those disputed facts certainly would come out. But for the purposes of probable cause, I would ask the court to find that the child court did err, whether it's under the standard of de novo or a visa discretion review. Alternatively, recognizing that neither counsel nor the court had the benefit of Hardin at the time, that we did have that probable cause hearing. That we should at least be allowed to have further proceedings on Mr. Stambridge's initial Section 70 petition. Thank you. Morning, Your Honors. Counsel, may it please the court. My name is Sherry Wong, and I'm an Assistant Attorney General here on behalf of the people of the state of Illinois. Your Honors, this court should affirm the judgment of the circuit court dismissing the respondent's petition for discharge. Here, the child court correctly found that there was no probable cause to believe that the respondent is no longer a sexually violent person. I just wanted to clarify one point up front. Respondent's petition for discharge, we agree, is his first petition for discharge. But we do not agree that Section 70 governs his petition here. Because it is his first petition for discharge, it was brought under Section 65B1 of the Act and not Section 70. Section 70 only talks about multiple petitions for discharge. And what it says is that if the respondent files a first petition for discharge, then there's no showing that a changed condition is required. But if the respondent has filed multiple petitions for discharge, if the respondent wants to file a second or a third, and the court had previously dismissed the first petition for discharge, then he has to show a changed condition in order for him to be able to file a second or a third petition for discharge. So we would agree here that because it's the respondent's first petition, he doesn't have to show the changed condition that would be required under Section 70. But he does have to show that some change has occurred, not under Section 70, but that something different has happened since he was previously adjudicated an SVP in 2007, bound to have suffered from a mental disorder, continues to suffer from a mental disorder, and that something has happened since that adjudication, until the filing of this petition for discharge, such that he is no longer a sexually violent person. Is the respondent's burden then less under Section 65 than under Section 70? The Act does not specifically describe what the burden would be. Under Section 70, it just talks about change. Why does it then matter? Why does it matter to us? Whether it's under Section 70, as you heard, counsel thinks it's a petition under Section 70, and that's what she's arguing. Does it make any difference to us in our evaluation? Probably not at this stage. I think Section 70 contemplates where the respondent has filed a petition for discharge, and it's his first petition, and the court finds that to be frivolous. There has to be a change condition to file a second. By the way, did the Attorney General at the trial level raise the issue that it's the wrong section the respondent decided in proceeding under? We might have argued below that. I think we proceeded under the assumption that it was 65 v. 1. Even though her petition said Section 70? Even though it said Section 70. As you said, Your Honor, it may not make a difference in terms of change. Well, if you didn't specifically argue that, or make it clear that it was the wrong section, haven't you forfeited that issue on appeal to even raise it now? Our position would simply be that there has to be a change condition, or not a change condition, some change. Whether or not it's a change condition under 70, or just change in the terms of he has to show participation in sex offenders. Why not just say there has to be an absence of probable cause? Because that applies to both, doesn't it? I think so. I mean, the burden, whatever you call it, probable cause exists in many other contexts. The respondent says, I want to show you there's no probable cause to believe that I'm a sexually violent person. And the state says, whoa, we don't think that's right. So let's have a discussion about that. And the discussion at the trial court was one expert said this, and one expert said that. Now what business does the trial judge have in weighing those? That's the question that's presented by this case. Sure. The trial court at this stage of the proceedings, and this is what Harden speaks to, is that at this stage where we have a post-commitment petition for discharge, and we have conflicting expert opinions, the trial court has to be able to assign weight to one of those opinions in order to find either the presence or lack of probable cause. What Harden was talking about was simply whether or not the trial court could weigh conflicting expert opinions at a pre-commitment petition under Section 30 and under Section 15. Did the state at trial move to strike or in any way challenge Witherspoon's opinion? We did not. We did not contest below. Well, here's my question, counsel. If we have an uncontested opinion of someone whose expertise is not challenged, saying the respondent is no longer a sexually violent person, how can one conclude that that does not constitute probable cause, not necessarily a preponderance of evidence, but probable cause to get to the next stage where a trier of fact will hear and evaluate this evidence? Sure. And that is the exact position that the dissenting opinion in Kane advocated, that a qualified expert's opinion that the respondent is no longer a sexually violent person, that in and of itself is sufficient to establish probable cause. Why is that wrong? We would argue that that would be contrary to the framework of the statute. But the legislature intended, when it put in this probable cause step before proceeding to a further evidentiary hearing, was that the trial court had to have this gatekeeping function. And Hardin speaks to this. Trial court has to determine whether there is a substantial basis for going forward with the petition. And certainly, as Your Honor pointed out, probable cause is a low standard, but it still has to be met. There still has to be some teeth to the probable cause. Let me ask you this, counsel. Switch sides for the moment, and you're now representing the respondent. In addition to Witherspoon's uncontested or unchallenged expertise, and the affidavit he's presented, some 30 pages explaining his conclusion, what additional evidence do you think you would have to gather to establish probable cause to get a hearing? We, as Your Honor said, we didn't challenge his qualifications as an expert. But what we did challenge was the focus of that expert opinion. And we argued that his opinion was blatantly deficient in several ways, such that the opinion by itself was not sufficient to establish even the low threshold of probable cause. Well, that doesn't answer my question. If you had switched sides, so you would need a second opinion? A second expert who somehow would evaluate, come up with a 33-page report that would be based on different parameters or analyses? In this case, since his expert opinion didn't ask the right question, the respondent would have had to present another expert that did ask the right question. Here, Dr. Witherspoon didn't evaluate whether or not the respondent had made any progress. Who says that he didn't ask the right questions, and how was that determination made? That is, who is the state's expert? I forget his name. Dr. Smith. Dr. Smith. Did Dr. Smith's report criticize Witherspoon's? As a matter of fact, it was the other way around, wasn't it? Didn't Witherspoon criticize Smith? It did, Your Honor, yes. So, was it the trial court who decided that Witherspoon's approach and analysis wasn't psychologically appropriate? Or was it the lawyers who made that argument? The trial court did say below that Dr. Witherspoon's report essentially examined the respondent as if he was never a sexually violent person in the first place. The report sought to re-adjudicate that question, and that was the wrong question at this stage of the proceedings. Under Section 65b-1, the trial court is statutorily obligated to consider whether the respondent is still a sexually violent person. Well, counsel, I've been at this business a long time, I think even longer than Judge Bays, and if you had made this argument to me at the trial level, I'm thinking, well, how exactly, counsel, am I supposed to analyze Dr. Witherspoon's assessment here and conclude that it's somehow deficient based upon whatever the standards are for psychological testing to reach the conclusion he presented? After all, you never presented evidence to that effect, did you? That his report was deficient or that... That his report was deficient or his analysis was somehow flawed? Well, we did argue that... Well, you argued it, but Smith's report never criticized Witherspoon's. So what, you know, how is Judge Bays supposed to make this call? When the trial court had the two conflicting expert opinions before it, it could examine what each expert was looking at. And Dr. Smith pointed to all this evidence that I think is undisputed here, that there has been nothing that the respondent has done since he's been adjudicated in SVP, such that he is no longer in SVP. And I think that's clear from Dr. Witherspoon's report too. He points to no new evidence that the respondent has participated in sex offender treatment, that he is admitting responsibility for his actions, that he's showing any remorse for what he's committed in the past. And these are all factors that have been considered to be relevant in determining whether or not probable cause exists on this question. Other courts have held that to be a relevant factor. And when Dr. Witherspoon doesn't address those in his report, the trial court can look at that report, look at Dr. Smith's report, compare the two, and find that Dr. Witherspoon's report is blatantly deficient. Do you agree that the discussion in Hardin about probable cause is applicable to the probable cause determination before this court? We would agree that Hardin's discussion of what the probable cause standard is, that applies to this case. Because what Hardin did was simply clarify that the traditional definition of probable cause that applied in a criminal context applies in this case. Would you also agree then that the issue before this court is whether Witherspoon's unchallenged psychological evaluation was sufficient to establish probable cause if the respondent was no longer a sexually violent person? We would agree that's the relevant question, yes. And you claim that the answer is no. We claim that the answer is no. And we would argue that the part about Hardin that speaks to how trial courts should evaluate evidence at a pre-commitment probable cause hearing, that doesn't apply to this post-commitment probable cause hearing. Because the two stages of the proceedings are completely different. Let me muse for a moment about what I think is going on here in the statute and get your thoughts as to whether you think I might be correct. Section 70 deals with someone who is a committed sexually violent person, right? Right. It seems to me that the legislature, on the one hand, thought that people so committed who are literally maybe facing a lifetime behind bars under this determination should have a right to petition for rehearing or reconsideration, agree, whatever. But at the same time, I think the legislature thought, and probably properly so given the amount of crap being submitted by people in custody that we otherwise see, habeas corpus, mandamus, post-conviction petitions, you name it, of people who are just unhappy about being behind bars, that before we burden the courts with a hearing, trial, and all the rest of this, that we're going to establish a threshold. And the threshold must be that the petitioner has to demonstrate probable cause to proceed further to the next step. The next step being the hearing. New hearing, jury trial, if either side requests it, so forth. And we want to impose this burden kind of like the burden which the legislature has imposed with regard to the Post-Conviction Hearing Act, so that the trial court in the first instance can determine whether the petition is frivolous or patently without merit before appointing counsel and going through the rest of it. Do you agree that that's probably what's going on here? Yes, we would agree that there has to be this threshold showing. But given that threshold, and given probable cause, and given we deal with probable cause all the time, preliminary hearings, probable cause to arrest, probable cause for search warrants, it's the same standard. And given what the Supreme Court said in Hardin, it's a pretty light standard. It's a standard where you have to demonstrate plausibility, it seems to me. I think that's even the word they use. That's not much. So I suppose my question is, with the detailed report of an unchallenged expert addressing directly the issue respondent raised in saying, he's right, he's no longer a sexually violent person, how can the trial court of this court conclude that that has failed to plausibly state a basis, failed to state probable cause to move to the next stage? We would agree with Your Honor that the definition of probable cause is not an extremely difficult standard to meet, and that's what Hardin says. Whether or not he uses the term plausibility or reasonable grounds to believe, I think it meant the traditional definition of probable cause. But we would argue that where the expert does not point to any new evidence, since the respondent was adjudicated to be an SVP, up until when he files his petition for discharge, that renders the report blatantly deficient. And here, if the legislature had intended for there to be such a bright line rule, that where a single qualified expert opinion was enough to establish probable cause, it could have said that. But instead it put into this part of the statute this separate threshold hearing, because it wanted the trial court to have this gatekeeping function. And if we were to adopt the respondent's bright line rule, that would essentially render that probable cause hearing meaningless, which would be contrary to well-established rules of statutory interpretation, that we are to give every part of the statute meaning. So if we were to have this bright line rule, the trial court simply has to have this hearing and the expert would be there, and then it would automatically go to an evidentiary hearing. And that seems to be... uses the words, and specifically says, change has occurred as a result of treatment, programs, changing attitudes, that somehow then it can't possibly be a plausible argument. And behind that is the premise that absent treatment there can't be change. Now I think that's probably true, but given the length of time that some of these individuals are incarcerated, how can you begin with the premise that an individual's antisocial tendencies cannot be diminished during the term of incarceration? Because we know that there are some people that come out of prison, I mean a lot of them come out more violent, but some come out burned out. And they don't recidivate. Thus that's possible. We wouldn't argue that there has to be treatment. No, the change has to come from something. The change has to come from somewhere. And you don't have remorse unless you're talking to a counselor, or you're engaging in group. Where does that come from? It's possible change should come from the mere passage of time. There could be a medical condition that the respondent has developed since he's been adjudicated that would make him no longer sexually violent. Any one of these things, or alone or standing together, that could be a sufficient change. And our rule, I wouldn't necessarily characterize it as a bright line rule. I would say that it gives more meaning to the probable cause standard, which is by definition a case-by-case determination, a fact-specific inquiry. So if we allow the trial court to be able to weigh each expert opinion at that probable cause phase, that actually allows the court to do that case-by-case inquiry. But if we adopt the respondent's rule and just have one expert testimony, or one expert's opinion to be enough to satisfy the probable cause standard, that takes away that case-by-case determination. I take it your position would really be the same if the state had not presented its own report. You're saying that that report of Witherspoon is so deficient that it doesn't need to be challenged, or it doesn't need to be counterbalanced by the view of your expert. Well, I think in most of these situations, as we have here, there are going to be conflicting expert opinions. But would your position be different? If we didn't have Dr. Smith's report on the other side. Right. Smith's report is absent. Your position still is, look at this report, judge. It's deficient, it doesn't sufficiently address the past, even though Witherspoon says that he looked at the files, that he looked at the prior evaluations and considered those, and then administered these different actuarial tests. Your position would be the same, I think. It possibly would be the same, yes. But at these probable cause hearings, there usually and generally are always going to be conflicting expert opinions, and the statute provides for that. One last question for me, anyway. I explained my theory as to what the legislature was intending to do, throwing some threshold in front of petitioners, like responded here before they can get to a full-fledged trial. They have to show something. Demonstrate there's plausibility to their claim that I'm now better, you should let me out. If, in fact, this is what the legislature had in mind, so they're not going to be inundated with petitions on a weekly or monthly basis, why wouldn't what happened here be entirely sufficient to address the legislature's concern? Namely, this wasn't just some petition by the respondent saying I'm all better. Instead, it's a detailed report by an unchallenged expert saying he's all better. Why wouldn't that be precisely the sort of step over the threshold the legislature envisioned when they talked about let's have a probable cause hearing before we get to the next step? I think this report, even though it was detailed, as Your Honor pointed out, and unchallenged, it still had blatant deficiencies in it, other than just the fact that it asked the wrong question. But there are parts of his opinion that frankly defy common sense and defy what generally experts in the field say. For example, Dr. Witherspoon said that the fact that the respondent did not admit responsibility for his actions, that tended to actually decrease his risk of reoffense. And when he says something that seems to be common to the general school of thought, Dr. Witherspoon should have to cite to research that supports his opinion or address the opposing viewpoint or somehow explain why his opinion, which goes against the general grain, should be credited. And the report had so many of those types of deficiencies that we would argue that that report was not sufficient to establish even the low threshold of probable cause. Thank you. Thank you, counsel. Rebuttal? Ms. Beer? I believe that the case-by-case analysis that counsel continues to refer to flies in the face of Hardin, particularly when Hardin says that this probable cause hearing is not the time where we weigh the evidence. It's not the time where we look at the conflicting facts or the conflicting inferences. Do you agree that some or many or a few of Witherspoon's assertions were outside the mainstream? No. I believe that they are. Well, how about the reference that Ms. Fong just made about the failure to show remorse or accept responsibility actually demonstrates that he's less likely to recidivate? I would say if we had ten evaluators here in the room that all ten of them, their eyebrows would start bobbing about an unwillingness to accept responsibility. Outside of the record, Your Honor, I would say that I am aware of one state expert witness who works for the Illinois Department of Health and Human Services who would agree with Dr. Witherspoon on that point, that the research does show that. I regret that. Would you agree that the majority of evaluators and people in this field seem to believe that accepting responsibility and showing some degree of remorse or understanding of what has occurred to victims is a part of recovery and a part of being less likely to recidivate? The majority, I don't know. I would say it's typical. You're going to see that. But although Dr. Witherspoon did not cite his research reference, it exists. Okay. And I've heard it from the state's experts. And it really depends on the context of the type of sex abuse or offense. But we are not doing a case-by-case analysis. This is a probable cause hearing where we have a qualified expert presenting, addressing those issues as elements that Mr. Standbridge must address at the trial court, at the probable cause hearing. Section 70 is not meaningless. The legislature provided for two provisions that allow the respondent to apply or petition for discharge. One is under 65B2 and the other is under Section 70. And while to gain understanding, I think, of what those mean, you read them together, nonetheless, you cannot read out Section 70 that issues regarding progress, changed condition, treatment, benefit, those are not relevant at a first-time Section 70 petition for discharge. Are there any other questions? Thank you. Thank you. We'll take this matter under advice.